UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOAQUIN FOY, | Case No. 14-CV-5063 (JNE/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN B.R. JETT and UNITED STATES OF AMERICA | |
| Respondents. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Joaquin Foy's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. *See* ECF No. 1. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Foy's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of the petition.

Foy "was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246, by the United States District Court for the Western District of Missouri in 1999, and again on September 13, 2007." *Foy v. Anderson,* Case No. 09-3085-CV-S-RED-H, 2009 WL 4057145, at *1 (W.D. Mo. Nov. 23, 2009). Section 4246 allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons whose custody is otherwise soon

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Foy seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a). Foy is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). On December 22, 2014, Foy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That petition is now under consideration by this Court.

Foy's petition for habeas corpus relief is, to say the least, difficult to follow. A good deal of the petition and accompanying documents consist of photocopies of books or magazine articles, none of which appears relevant to any possible claims under § 2241. Much of the remainder, assumedly written by Foy himself, is nearly incomprehensible. That said, it is clear that Foy regards his continuing commitment at FMC-Rochester as illegal.

Foy's petition can fairly be interpreted as raising two claims against his ongoing civil detention.[2] The first claim raised by Foy is that the civil-commitment procedures set forth in 18 U.S.C. §§ 4246 and 4247 are *per se* unconstitutional — that is, Foy claims that no court ever had the lawful authority to commit him to the custody of the United States Attorney's Office, and that his civil commitment therefore has been illegal from the very beginning. This claim, however, is squarely foreclosed by the case law of this circuit. *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)). "The

---

[2]It does not appear that Foy is challenging the *conditions* of his confinement at FMC-Rochester, only the fact that he *is* confined. To the extent that he is attempting to raise such a challenge, such a claim is not cognizable in a habeas petition, but must instead be brought in a civil-rights action. *See Spencer v. Haynes*, No. 13-3460, 2014 WL 7172045, at *1-2 (8th Cir. Dec. 17, 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010).

statutory procedure and substantive standard [for civil commitment] are clearly constitutional." *Id*.

The second claim raised by Foy is that, even if the *initial* decision to detain him was lawful, there is no lawful basis to *continue* detaining him at FMC-Rochester. Habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). The statutes under which Foy was committed provide a procedure for a person in Foy's situation to seek release from their detention. Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ." 18 U.S.C. § 4247(h). This alternative statutory remedy precludes habeas relief in this case. *See Archuleta*, 365 F.3d at 648-49.[3]

Finally, the Eighth Circuit has, in similar circumstances, described as "permissible and appropriate" the transferring of a habeas petition to the district in which a motion under § 4247(h) must be brought. *See Archuleta*, 365 F.3d at 649. Nevertheless, this Court recommends dismissal, rather than transfer, of Foy's habeas petition. Foy, acting through counsel, moved as recently as September 2014 in the Western District of Missouri for release from his continuing detention. *See United States v. Foy*, No. 6:05-cv-03590-MDH (W.D. Mo. filed Dec. 21, 2005). That motion was denied on October 2, 2014. *Id*. Under § 4247(h), no new

---

[3]Foy also suggests that his continuing commitment violates his speedy-trial rights, either under the Speedy Trial Clause of the Sixth Amendment, or under the Speedy Trial Act, 18 U.S.C. § 3161. Neither provision, however, is applicable to civil proceedings. *See United States v. Commey*, 452 Fed. App'x 21, 23 (2d Cir. 2011) (summary order); *United States v. Pasillas-Castanon*, 525 F.3d 994, 997 (10th Cir. 2008) (compiling cases).

motion for release "may be filed within one hundred and eighty days of a court determination that the person should continue to be committed." It is therefore exceedingly doubtful that Foy could be granted relief at this time by the Western District of Missouri, as § 4247(h) precludes review of Foy's motion until more than 180 days has passed since the denial of his motion for discharge. Any motion transferred to that district at this time would thus be doomed at the outset.

Because it plainly appears from Foy's habeas corpus petition that he is not entitled to relief, this Court recommends that his petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Joaquin Foy's petition for a writ of habeas corpus [ECF No. 1] be DENIED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. Foy's motion to proceed *in forma pauperis* [ECF No. 3] be DENIED AS MOOT.

3. This action be DISMISSED.

Dated: January 6, 2015  
                                                              s/Leo I. Brisbois  
                                                             Leo I. Brisbois  
                                                             United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 20, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.